UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIGY LOPEZ-DELGADO,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>TIM GARRETT,<br><br>　　　　　　　　　Respondents. | Case No. 3:23-cv-00412-ART-CLB<br><br>ORDER |

*Pro se* Petitioner Luigy Lopez-Delgado has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, submitted a motion for counsel, and paid his filing fee. (ECF No. 1-1 ("Petition"), 4, 8.) This matter comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Lopez-Delgado's motion. For the reasons discussed below, this Court directs service of the Petition and grants Lopez-Delgado's motion.

I.　　**BACKGROUND**[1]

Lopez-Delgado challenges a conviction and sentence imposed by the Second Judicial District Court for Washoe County ("state court"). *State v. Luigy Richard Lopez-Delgado*, Case No. CR18-1654. On March 15, 2019, March 18, 2019, April 8, 2019, February 11, 2020, the state court entered a judgment of conviction, corrected judgment of conviction, second corrected judgment of conviction, and third corrected judgment of conviction, respectively. Lopez-Delgado pleaded guilty to statutory sexual seduction by a person 21 years of age or older, possession of visual pornography of a person under 16 years of age, and

---

[1] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. These docket records may be accessed online: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

lewdness on a child older than 14 years of age. Lopez-Delgado was sentenced to 76 to 192 months in prison. Lopez-Delgado appealed, and the Nevada Court of Appeals affirmed on February 18, 2020. Remittitur issued on March 16, 2020.

On May 13, 2020, Lopez-Delgado moved to vacate his judgment of conviction and to withdraw his guilty plea. And on June 10, 2020, Lopez-Delgado filed a *pro se* state petition for writ of habeas corpus. The state court dismissed the petition, Lopez-Delgado appealed, and the Nevada Court of Appeals affirmed on September 14, 2022. Remittitur issued on October 10, 2022. On December 30, 2022, Lopez-Delgado moved to correct his illegal sentence. The state court denied the motion on March 30, 2023.

On August 23, 2023, Lopez-Delgado transmitted his instant Petition.

**II.   DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

This Court now turns to Lopez-Delgado's motion for the appointment of counsel. (ECF No. 4.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed

1   if the complexities of the case are such that denial of counsel would amount to a
2   denial of due process, and where the petitioner is a person of such limited
3   education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827
4   F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir.
5   1980). Following review of the Petition and the motion for appointment of counsel,
6   the Court will provisionally appoint the Federal Public Defender to represent
7   Lopez-Delgado. The Court finds that appointment of counsel is in the interests of
8   justice.

### III. CONCLUSION

It is therefore ordered that the clerk (1) file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) serve the Federal Public Defender a copy of this order and the Petition (ECF No. 1-1), and (6) send a copy of this order to Lopez-Delgado and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this order. No further response will be required until further order.

It is further ordered that the motion for appointment of counsel (ECF No. 4) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Lopez-Delgado by filing a notice of appearance or (2) indicate the office's inability to represent Lopez-Delgado in these proceedings. If the Federal Public Defender is unable to represent Lopez-Delgado, the Court will appoint alternate counsel. Appointed counsel will represent Lopez-Delgado in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to

withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Lopez-Delgado remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, this Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 20th day of October 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4