UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIGY LOPEZ-DELGADO,<br><br>                          Petitioner,<br>     v.<br><br>TIM GARRETT, et al.,<br><br>                        Respondents. | Case No. 3:23-cv-00412-ART-CLB<br><br>APPOINTMENT AND<br>SCHEDULING ORDER |

On October 20, 2023, this Court granted Petitioner Luigy Lopez-Delgado's motion for appointment of counsel, provisionally appointed the Federal Public Defender to represent Lopez-Delgado, and gave the Federal Public Defender 30 days to (1) undertake direct representation of Lopez-Delgado by filing a notice of appearance or (2) indicate the office's inability to represent Lopez-Delgado in these proceedings. (ECF No. 9.) On November 16, 2023, the Federal Public Defender timely filed their notice of appearance. (ECF No. 12.)

It is ordered that the Federal Public Defender, through Martin L. Novillo, Esq., is appointed as counsel for Lopez-Delgado pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Lopez-Delgado in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that Lopez-Delgado shall have until up to and including 90 days from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established. Lopez-Delgado remains responsible for calculating the running of the federal limitation period and timely asserting claims, without

regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that Respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition and that Lopez-Delgado may file a reply thereto within 30 days of service of the answer. The response and reply time to any motion filed by either party, including a motion to dismiss, shall be governed instead by Local Rule LR 7-2(b).

It is further ordered that any procedural defenses raised by Respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents

shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either Lopez-Delgado or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

DATED THIS 16th day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE