UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIGY LOPEZ-DELGADO,<br><br>                Petitioner,<br>v.<br><br>TIM GARRETT, et al.,<br><br>                Respondents. | Case No. 3:23-cv-00412-ART-CLB<br><br>ORDER DENYING<br>MOTION TO DISMISS<br><br>[ECF No. 31] |

This counseled habeas matter comes before the Court on Respondents' motion to dismiss Petitioner Luigy Lopez-Delgado's Second-Amended Petition. (ECF No. 31.) Lopez-Delgado opposed the motion, and Respondents replied. (ECF Nos. 38, 43.) For the reasons stated below, the Court denies the motion.

## I.     BACKGROUND

Following a guilty plea, Lopez-Delgado was convicted of statutory sexual seduction by a person older than 21, possession of visual pornography of a person under 16, and lewdness with a child older than 14. (ECF No. 28-51.) Lopez-Delgado was sentenced to an aggregate of 76 to 192 months in Nevada state prison. (*Id.*) Lopez-Delgado's original judgment of conviction was filed on March 15, 2019; corrected judgment of conviction was filed on March 18, 2019; second-corrected judgment of conviction was filed on April 8, 2019; and third-corrected judgment of conviction was filed on February 11, 2020. (ECF Nos. 28-29, 28-30, 28-39, 28-51.) Lopez-Delgado appealed, and the Nevada Court of Appeals affirmed on February 18, 2020. (ECF No. 28-52.)

Lopez-Delgado filed a motion to vacate his judgment of conviction and withdraw his guilty plea on May 13, 2020. (ECF No. 28-55.) The state court held the motion in abeyance until Lopez-Delgado's state habeas petition had been fully briefed and submitted. (ECF No. 29-15.) Lopez-Delgado filed a state habeas petition on June 10, 2020. (ECF No. 29-4.) The state court granted the State's

motion to dismiss Lopez-Delgado's state habeas petition. (ECF No. 29-31.) Lopez-Delgado appealed, and the Nevada Court of Appeals affirmed on September 14, 2022. (ECF No. 30-18.) Remittitur issued on October 10, 2022. (ECF No. 30-19.)

On December 30, 2022, Lopez-Delgado moved to correct his illegal sentence. (ECF No. 30-20.) The state court denied the motion on March 30, 2023. (ECF No. 30-25.)

Lopez-Delgado commenced this action on August 23, 2023, with the filing of his *pro se* petition. (ECF No. 1-1.) This Court appointed counsel for Lopez-Delgado, and counsel filed Lopez-Delgado's First-Amended Petition and Second-Amended Petition on January 4, 2024, and June 7, 2024, respectively. (ECF Nos. 9, 13, 14, 23.) In his Second-Amended Petition, Lopez-Delgado presents the following grounds for relief:

    1a.  His counsel failed to object to the State's breach of the plea agreement during sentencing proceedings.
    1b.  His trial counsel failed to advise him regarding his sentence to lifetime supervision.
    1c.  His trial counsel failed to advise him regarding his ability to withdraw his guilty plea prior to sentencing.
    2.  His appellate counsel was ineffective.

(ECF No. 23.)

## II. DISCUSSION

Respondents argue that (1) the First-Amended Petition and Second-Amended Petition are untimely and grounds 1b and 1c of the Second-Amended Petition do not relate back to Lopez-Delgado's timely *pro se* petition, and (2) grounds 1b and 1c are unexhausted. (ECF No. 31.) This Court will address these arguments in turn.

### A. Timeliness

Respondents contend that while Lopez-Delgado's *pro se* petition was timely, his Second-Amended Petition was untimely; thus, grounds 1b and 1c of his untimely Second-Amended Petition must be dismissed because they do not relate back to his timely *pro se* petition. (ECF No. 31 at 4.) Lopez-Delgado does not

dispute that his Second-Amended Petition is untimely; rather, he contends that his First-Amended Petition was timely and grounds 1b and 1c of his Second-Amended Petition relate back to his First-Amended Petition. (ECF No. 38 at 6.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Lopez-Delgado's direct appellate review concluded on February 18, 2020, with the Nevada Court of Appeals' affirmation of his judgment of conviction. As such, Lopez-Delgado's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 150[1] days

---

[1] Normally, a petitioner has 90 days to seek certiorari, but, due to the COVID pandemic, a 150-day deadline applied to all petitions during this time.

3

later on July 17, 2020. The federal statute of limitations began to run the next business day: July 20, 2020. Lopez-Delgado filed a motion to vacate his judgment of conviction and withdraw his guilty plea on May 13, 2020, tolling the AEDPA clock. As a result, no days elapsed between the finality of the judgment and the beginning of tolling. The remaining 365 days of the AEDPA limitation period were statutorily tolled during the pendency of all proceedings related to Lopez-Delgado's motion to vacate his judgment of conviction and state habeas petition. Tolling ended on October 10, 2022, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock started the following day, October 11, 2022. Lopez-Delgado filed his motion to correct his illegal sentence on December 30, 2022, again stopping the AEDPA clock. Consequently, 80 days elapsed while Lopez-Delgado's AEDPA clock was running. Tolling ended on March 30, 2023, when the state court denied the motion to correct illegal sentence. Lopez-Delgado's AEDPA clock restarted the following day, March 31, 2023, and expired 285 days (365 days – 80 days) days later on January 10, 2024. Accordingly, Lopez-Delgado's First-Amended Petition, which was filed on January 4, 2024, was timely.

Respondents argue that Lopez-Delgado's 1-year limitation period began to run 30 days after the issuance of his third-corrected judgment of conviction, which Lopez-Delgado did not appeal, rather than from the date of his expiration of time for seeking certiorari following the denial of his direct appeal. (ECF No. 31 at 5 n.6.) This Court disagrees.

The only difference between the original judgment of conviction and the third-corrected judgment of conviction is (1) the inclusion of "as charged in Count VI of the Second Amended Information" to merely further identify the lewdness conviction, and (2) clarify that Count 6 is to run concurrently to Count 2, rather than to concurrently to Count 4. (*Compare* ECF No. 28-29 *with* ECF No. 28-51.) The third-corrected judgment of conviction was then "[d]ated [the] 11th of

4

February 2020, *nunc pro tunc March 14, 2019.*" (ECF No. 28-51 at 3 (emphasis added).) March 14, 2019, was the date of the original judgment of conviction. (*See* ECF No. 28-29.)

At the sentencing hearing, the court ordered that Count 4 would run consecutive to Count 2 and Count 6 would "run concurrent to the other two counts." (ECF No. 28-28 at 21.) As such, the changing of Count 4 to Count 2 as the count with which Count 6 was to run concurrently is consistent with the sentencing hearing pronouncement. Indeed, because the sentence for Count 6 was identical in length to the sentence for Count 2, Count 6 would only run concurrently with Count 2. It would not run concurrent with the sentence for Count 4, which would only commence after the sentence for Count 2 was finished. Accordingly, the third-corrected judgment of conviction only corrected a scrivener's error. *See Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (holding that, in the context of second or successive habeas petitions, "[c]orrecting a scrivener's error in the abstract of judgment does not lead to a new judgment because the judgment itself does not change"). Thus, the third-corrected judgment of conviction was just that: a correction rather than an amendment. This was clearly the intent of the state court, which signed the third-corrected judgment of conviction with a *nunc pro tunc* date of the original judgment of conviction. Because the third-corrected judgment of conviction cannot be construed as being an intervening or substantially altered judgment of conviction, Lopez-Delgado's limitations period did not commence upon the conclusion of his ability to appeal that third-corrected judgment of conviction. *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) ("[T]he statute of limitations must run from the judgment pursuant to which the petitioner is being held."). In fact, holding otherwise would be non-sensical. Lopez-Delgado was still litigating his direct appeal of his original judgment of conviction when the third-corrected judgment of conviction was issued. Commencing a new direct appeal

would have been frivolous under the circumstances.

Having rejected Respondents' contention that Lopez-Delgado's limitations period was linked to his third-corrected judgment of conviction, meaning his First-Amended Petition was timely, the Court turns to the question of whether grounds 1b and 1c of the Second-Amended Petition relate back to the First-Amended Petition. A claim in an untimely-filed petition relates back to a claim in a timely-filed pleading when that claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). Relation back occurs "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. Grounds 1b and 1c of the Second-Amended Petition are identical to grounds 1b and 1c of the First-Amended Petition, so they relate back and are timely. (*Compare* ECF No. 14 at 9–10 *with* ECF No. 23 at 9–10.)

**B.     Exhaustion**

Respondents argue that grounds 1b and 1c are unexhausted. (ECF No. 31 at 7.) Lopez-Delgado rebuts that grounds 1b and 1c are technically exhausted but procedurally defaulted and that he can overcome the default under *Martinez*. (ECF No. 38 at 15.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Lopez-Delgado would face several procedural bars if he were to return to state court. *See, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810. Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal

standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then that petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012). The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Lopez-Delgado advances only *Martinez* as a basis for excusing the anticipatory default of grounds 1b and 1c. (*See* ECF No. 38 at 18.) As such, the Court finds these grounds to be technically exhausted but procedurally

defaulted. Because the analysis of cause and prejudice to overcome the procedural default of these grounds is necessarily intertwined with the merits of these grounds, this Court defers a determination of whether Lopez-Delgado can overcome the procedural default until the time of merits determination.

### III. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 31) is denied as follows: (1) grounds 1b and 1c are timely, and (2) grounds 1b and 1c are technically exhausted but procedurally defaulted, and this Court defers consideration of cause and prejudice under *Martinez* until after the filing of an answer and reply.

It is further ordered that Respondents have 60 days from the date of this Order to file their answer to the Second-Amended Petition.

Dated this 17th day of July 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE